**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| YARELIS RIVERA, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *a governmental* | : |
| *entity*; UNIDENTIFIED UNITED STATES | : |
| CUSTOM OFFICERS; UNIDENTIFIED UNITED | : |
| STATES IMMIGRATION AND CUSTOMS | : |
| ENFORCEMENT OFFICERS; OFFICER  PORT | : |
| AUTHORITY OF NEW YORK and NEW JERSEY; | :       **COMPLAINT** |
| UNIDENTIFIED PORT AUTHORITY OF NEW | :          **AND** |
| YORK and NEW JERSEY OFFICERS; COUNTY | :      **JURY DEMAND** |
| OF CUMBERLAND; CUMBERLAND COUNTY | : |
| SHERIFF'S DEPARTMENT, WARDEN RICHARD | : |
| SMITH, *in his official and individual capacity*; | : |
| COUNTY OF HUDSON; HUDSON COUNTY | : |
| SHERIFF'S DEPARTMENT; DIRECTOR | : |
| RONALD P. EDWARDS, *in his official and* | : |
| *individual capacity*; NEW JERSEY DEPARTMENT | : |
| OF CORRECTIONS; CBP OFFICER FINE, *in her* | : |
| *official and  individual capacity*, C.O. HOUGHTON, | : |
| *in his official and individual capacity*, SERGEANT | : |
| PRIEDE, *in his official and  individual capacity,* MS. | : |
| BUTLER, *in her official and individual capacity* , | : |
| C.O. JACKSON, *in his official and individual* | : |
| *capacity*, SERGEANT BARRY, *in his official and* | : |
| *individual capacity*, JOHN DOES 1-10; and ABC | : |
| CORPS. 1-10 | : |
| | : |
| Defendants. | : |
| | : |

Plaintiff, YARELIS RIVERA (hereinafter "Plaintiff"), by and through her counsel by way

of Complaint against the Defendants hereby says:

## NATURE OF THE ACTION

1.       This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as rights secured by the laws of the State of New Jersey.

2.       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §1983, the Supreme Court's ruling in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act, and pursuant to the laws of the State of New Jersey.

3.       The claims arise from an incident spanning from Friday, December 20, 2019 until Thursday, December 26, 2019 in which Federal Officers with the Customs and Border Protection and/or Immigration and Custom Enforcement agencies, acting under color of federal law, intentionally and willfully subjected Plaintiff to, inter alia, false arrest and false imprisonment.

4.       The claims further arise from an incident spanning from Friday, December 20, 2019 until Thursday, December 26, 2019 in which State and County Officers with the Port Authority of NY and NJ, County of Cumberland, County of Hudson and NJ Dept. of Corrections, acting under color of state law, intentionally and willfully subjected Plaintiff to, inter alia, false arrest and false imprisonment.

5.       Plaintiff seeks monetary damages (compensatory and special) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

6.     This court has subject matter jurisdiction over the claims asserting federal constitutional violations pursuant to 28 U.S.C. §1331 and §1343 (3&4), and over the Federal Torts Claims Act claims pursuant to 28 U.S.C. §1346(b).

7.     The Court has personal jurisdiction over the Defendants because the alleged incidents occurred within the confines of this Court

## VENUE

8.     Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as the Defendants reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

9.     Venue for the FTCA claim is proper pursuant to 28 U.S.C. § 1402(b) because the claims arose within the State of New Jersey.

## THE PARTIES

10.     Plaintiff, YARELIS RIVERA, born on July 11, 1950, is a citizen of the County of New York, and State of New York, during all times relevant to this Complaint.

11.     Upon information and belief, that at all times hereinafter mentioned, the defendant, PORT AUTHORITY OF NEW YORK and NEW JERSEY, is a self-sustaining public corporation established by the states of New York and New Jersey to administer the activities of the New York-New Jersey port area and that the Port Authority maintains a police department which employs the defendants, UNIDENTIFIED PORT AUTHORITY OF NEW YORK and NEW JERSEY

OFFICERS, and that at all times relevant, said defendants were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12.     Upon information and belief, that at all times hereinafter mentioned, defendant, UNIDENTIFIED PORT AUTHORITY OF NEW YORK and NEW JERSEY OFFICERS, were employed by the defendant, PORT AUTHORITY OF NEW YORK and NEW JERSEY, as members of its police department.

13.     That a Notice of Claim was served on the PORT AUTHORITY OF NEW YORK and NEW JERSEY, on or about March 16, 2020, and that more than sixty days have elapsed since said service and that as of this date Plaintiff's demand for payment has not yet been addressed by the Defendants.

14.     That the state claims in this cause of action are commenced within one year of when this cause of action arose as to Plaintiff and that federal claims are brought in a timely manner within three years of the date they occurred.

15.     Upon information and belief, that at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA (hereinafter "USA"), is the federal government, who is the proper defendant pursuant to 28 U.S.C. § 1346(b) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of any federal employee committed within the course and scope of his or her employment. The United States Department of Homeland Security is a cabinet department of the USA with the Custom and Border Protection ("CBP"), and Immigration and Customs Enforcement ("ICE") agencies, acting as its law enforcement agency. CBP and/or ICE, through its Officers, officials, agents and/or employees, are responsible for enforcing the nation's immigration laws and ensuring the departure of undocumented immigrants from the United States.

16.     Upon information and belief, that at all times hereinafter mentioned, defendants, UNIDENTIFIED UNITED STATES CUSTOM OFFICERS and UNIDENTIFIED UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICERS, were employed by the Department of Homeland Security as Customs and/or ICE Officers and at all times relevant, said defendants were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

17.     That a Notice of Claim was served on the UNITED STATES OF AMERICA on or about July 20, 2020, and that more than sixty days have elapsed since said service and that as of this date Plaintiff's demand for payment has not yet been addressed by the Defendants.

18.     Defendant, COUNTY OF CUMBERLAND, is a county organized and existing under the laws of the State of New Jersey. At all relevant times, the COUNTY OF CUMBERLAND, acting through the Cumberland County Sheriff's Office (hereinafter "CCSO") and the Cumberland County Department of Corrections (hereinafter "CCDOC"), which operates the Cumberland County Jail, was responsible for the policy, practice, supervision, implementation, and conduct of all CCDOC and CCSO matters, including the appointment, training, supervision, and conduct of all Cumberland County Jail and CCSO personnel.  In addition, at all relevant times, the COUNTY OF CUMBERLAND was responsible for enforcing the rules of the CCDOC and Cumberland County Jail and ensuring that the personnel of both offices obeyed the laws of the United States and of the State of New Jersey.

19.     Defendant, WARDEN RICHARD SMITH (hereinafter "Defendant Smith"), is the Warden of the Cumberland County Jail and held that position at all times relevant to this Complaint. Upon information and belief, Defendant Smith is responsible for the overall oversight, operation, and administration of the Cumberland County Jail including the creation and

5

enforcement of policies and procedures and the care and custody of all individuals incarcerated there. At all relevant times, Defendant Smith was acting in the scope of his employment and under color of state law and in his individual capacity.

20.     Defendant, COUNTY OF HUDSON, is a county organized and existing under the laws of the State of New Jersey. At all relevant times, the COUNTY OF HUDSON, acting through the Hudson County Sheriff's Office (hereinafter "HCSO") and the Hudson County Department of Corrections (hereinafter "HCDOC"), which operates the Hudson County Correctional Center, was responsible for the policy, practice, supervision, implementation, and conduct of all HCDOC and HCSO matters, including the appointment, training, supervision, and conduct of all Hudson County Correctional Center and HCSO personnel. In addition, at all relevant times, the COUNTY OF HUDSON was responsible for enforcing the rules of the HCDOC and the Hudson County Correctional Center and ensuring that the personnel or both offices obeyed the laws of the United States and of the State of New Jersey.

21.     Defendant, DIRECTOR RONALD P. EDWARDS (hereinafter "Defendant Edwards"), is the Director of the Department of Corrections of the Hudson County Correctional Center and held that position at all times relevant to this Complaint. Upon information and belief, Defendant Smith is responsible for the overall oversight, operation, and administration of the Hudson County Correctional Center including the creation and enforcement of policies and procedures and the care and custody of all individuals incarcerated there. At all relevant times, Defendant Edwards was acting in the scope of his employment and under color of state law and in his individual capacity.

22.     Defendant, CBP OFFICER FINE (hereinafter "Officer Fine"), is a Customs and Border Patrol Officer employed by the Defendant, USA. At all relevant times, Officer Fine was acting in the scope of her employment and under color of federal law and in her individual capacity.

23.     Defendant, C.O. HOUGHTON (hereinafter "C.O. Houghton"), is a Corrections Officer employed by the HCDOC. At all relevant times, C.O. Houghton was acting in the scope of his employment and under color of state law and in his individual capacity.

24.     Defendant, SEGREANT PRIEDE (hereinafter "Sergeant Priede"), is a Corrections Officer employed by the HCDOC. At all relevant times, Sergeant Priede was acting in the scope of his employment and under color of state law and in his individual capacity.

25.     Defendant, MS. BUTLER (hereinafter "Ms. Butler), is a Social Worker employed by the HCDOC. At all relevant times, Ms. Buler was acting in the scope of her employment and under color of state law and in her individual capacity.

26.     Defendant, C.O. JACKSON (hereinafter "C.O. Jackson"), is a Corrections Officer employed by the CCDOC. At all relevant times, C.O. Jackson was acting in the scope of his employment and under color of state law and in his individual capacity.

27.     Defendant, SERGEANT BARRY (hereinafter "Sergeant Barry"), is a Corrections Officer employed by the CCDOC. At all relevant times, Sergeant Barry was acting in the scope of his employment and under color of state law and in his individual capacity.

28.     Defendant, JOHN DOES 1-10 are unknown individuals whom were employees of the defendants, UNITED STATES OF AMERICA and/or PORT AUTHORITY OF NEW YORK and NEW JERSEY, at all relevant times as alleged in the Complaint herein, and whom failed to provide the Plaintiff with the requisite duty of care he was owed.

29.    Defendant, JANE DOES 1-10 are unknown individuals whom were employees of the defendants, UNITED STATES OF AMERICA and/or PORT AUTHORITY OF NEW YORK and NEW JERSEY, at all relevant times as alleged in this Complaint herein, and who failed to provide the Plaintiff with the requisite duty of care she was owed.

30.    Hereinafter Defendant, JOHN DOES 1-10 and JANE DOES 1-10 will be referred to collectively as "Unnamed Individual Officer Defendants."

## THE UNDERLYING FACTS

31.    At approximately 6:30 a.m. on Friday, December 20, 2019, prior to disembarking from her cruise ship, Royal Caribbean, Anthem of the Seas, Plaintiff was summoned to Guest Services, while having breakfast with her minor children.

32.    After Plaintiff took her children to their stateroom, she immediately went to Guest Services, where she was met by Officer Fine, a female CBP Officer, who asked Plaintiff to identify herself.

33.    After Plaintiff stated her name, Officer Fine advised that she had to accompany Plaintiff off the ship immediately.

34.    Plaintiff inquired of Officer Fine, why she was being immediately and forcibly directed off the ship, without her children.

35.    Officer Fine refused to answer Plaintiff's legitimate and reasonable inquiry.

36.    It was only when Plaintiff made request to speak to Officer Fine's superior, did Officer Fine respond that the Plaintiff was being detained on an alleged outstanding warrant.

37.    Plaintiff immediately advised Officer Fine that there must be an error, because Plaintiff had no previous interactions with law enforcement and most certainly did not have any alleged outstanding warrants.

8

38.     After much pleading Plaintiff was able to secure a cruise supervisor, Pretty Shamu, to retrieve her children from their state room, instead of a CBP Officer.

39.     Plaintiff was then removed from the cruise by two CBP Officers, Officer Fine and another Officer.

40.     Plaintiff was then transported to what appeared to be an interrogation room, where Plaintiff was searched against a wall by Officer Fine while another female (not an Officer) watched, and requested her full name, date of birth, home address and social security number.

41.     After some time, a male Officer came into the interrogation room, yelling directly at Plaintiff and demanding Plaintiff provide her correct social security number, because according to him, the social security number Plaintiff provided was allegedly "incorrect."

42.     Plaintiff responded to the male Officer that she in fact provided him with her correct social security number, however he responded that it did not match his information.

43.     Plaintiff then stated to the male Officer, that the social security number did not match his records because Plaintiff was not the individual who was the subject of the alleged outstanding warrant.

44.     Plaintiff was later advised she would be nevertheless transported to Cumberland County, New Jersey, to answer for the alleged outstanding warrant.

45.     Thereafter, Plaintiff was brought into a purported waiting room to see her children and friend Tiffanie, who had been previously telephoned to come retrieve the children from the cruise ship.

46.     Plaintiff's heart broke into pieces witnessing her children there looking scared, confused and concerned for her wellbeing.

47.     Tiffanie told Plaintiff that she provided the Officers with Plaintiff's passport and a copy of Plaintiff's current New York State driver's license.

48.     Plaintiff then directed Tiffanie to leave with Plaintiff's children and that Plaintiff would be in contact, believing that this entire matter would be immediately resolved.

49.     Immediately thereafter, Tiffanie left with the children, Plaintiff was handcuffed and transported to the Port Authority of New York and New Jersey Police Department where Plaintiff was held for several hours.

50.     While at the Port Authority of New York and New Jersey Police Department, Plaintiff was permitted to review the alleged outstanding warrant, wherein Plaintiff noticed that the subject of the alleged outstanding warrant was identified as a State of New Jersey resident, and Plaintiff was not now nor ever a resident of the State of New Jersey.

51.     Once again, Plaintiff informed the Officers that they had the wrong person.

52.     In response, Officers repeatedly accused Plaintiff of being a "liar" and further responded to Plaintiff "you know what you did and why you are here."

53.     Plaintiff requested to speak with a lawyer, but was told that she was not being questioned, so she did not need one.

54.     Plaintiff asked to make a telephone call, but Officers would not release Plaintiff from the jail cell in order to make a telephone call.

55.     Instead, Officers dialed a number for Plaintiff and brought a landline telephone over to Plaintiff which was pushed through the jail door slot where a food tray is generally placed.

56.     Plaintiff could hear Tiffanie over the telephone, but Tiffanie was unable to hear Plaintiff.

57.     Plaintiff reported to the Officers that Tiffanie was unable to hear Plaintiff, so they tried calling back a few times, but to no avail.

58.     Officers then reported to Plaintiff that she was going to be transferred to the Hudson County Correctional Center, because CBP and the Port Authority Police would not continue to hold Plaintiff unless and until Cumberland County decided they were going to pick her up.

59.     Plaintiff requested a telephone call before departing and she was finally able to speak with Tiffanie.

60.     Plaintiff told Tiffanie that she was being transferred to the Hudson County Correctional Center and Tiffanie replied that she did not understand why it was taking so long to confirm that Plaintiff was not the person they were looking for.

61.     Before Plaintiff was transferred, Plaintiff was told that it was best that Port Authority of New York and New Jersey Police Department held onto her belongings (phone, charger, passport, a credit card, cash, a shirt and leggings) as those items could not accompany Plaintiff to the Hudson County Correctional Center.

62.     Plaintiff was without any information as to what was transpiring and was extremely afraid for her life, as Plaintiff had never been held in a jail facility, prior to December 20, 2019.

63.     At no point during either of these transfers was Plaintiff read her Miranda rights, fingerprinted or afforded the opportunity to consult with an attorney.

64.     Once at the Hudson County Correctional Center, Plaintiff was photographed, provided a jail uniform, inmate number and then placed in a holding cell.

65.     Every single Corrections Officer with whom Plaintiff came into contact told Plaintiff that she was lying.

66.     Plaintiff then asked if the Corrections Officers could please call and confirm with Cumberland County that they were coming to pick Plaintiff up.

67.     Corrections Officers repeatedly advised Plaintiff that Cumberland County was coming.

68.     However, Plaintiff was finally moved from her holding cell sometime after 9 p.m., as the Corrections Officers believed that Cumberland County was going to come pick up Plaintiff.

69.     Ultimately, sometime after 9:00 p.m., Plaintiff was moved to a regular cell with a cellmate.

70.     Unbeknownst to Plaintiff, Cumberland County was more than three (3) hours away.

71.     Hours later, Plaintiff was awoken and transferred to a room by herself.

72.     On Saturday, December 23, 2019, early in the morning Plaintiff knocked on her cell door attempting to get someone's attention.

73.     It appeared as though no one was aware of Plaintiff, as no one responded.

74.     Plaintiff felt hopeless and desperate for answers as to why this was happening to her.

75.     The light in Plaintiff's room remained dark, until sometime later when Plaintiff heard another prisoner finally say: "Oh snap, there's someone in the infirmary room."

76.     Plaintiff could only speak through a locked door to C.O. Houghton.

77.     Plaintiff requested the opportunity to speak to the Sergeant and was told by C.O. Houghton that he would relay the information, but no one ever came to speak with Plaintiff.

78.     At some point, Plaintiff saw the Sergeant through the cell door, but he simply looked at her and kept walking.

79.     This quickly became one of the worst days of Plaintiff's entire life as she was left feeling like she was going to be left alone to die in a jail cell.

80.     Plaintiff filled out an inmate request form requesting that a social worker please look into her case and to please speak with an attorney.

81.     Plaintiff had to further specifically make request for breakfast, lunch, a cup for water, the inmate rule book, paper and a pen.

82.     During dinner one day, Plaintiff did not get any water and when Plaintiff made request, though her locked door, Plaintiff was told there was no more water left.

83.     During that same day, Plaintiff was not permitted out of her cell or given the opportunity to shower or make a telephone call.

84.     However, Plaintiff was finally provided an inmate handbook (accompanied by a pen) which Plaintiff read in its entirety and then recorded all activity which that took place up until that moment including names and times inside the inmate handbook.

85.     On Sunday, December 22, 2019, Plaintiff's telephone PIN was not working, so another inmate, Annie Ford, allowed her to make a two-minute telephone call using her PIN.

86.     Tiffanie told Plaintiff that she was in contact with the social worker and made several telephone calls on Plaintiff's behalf to try to resolve this nightmare.

87.     During that afternoon, Plaintiff got the attention of Sergeant Priede.

88.     Plaintiff asked if he could please open the door and speak with her and he did.

89.     Plaintiff explained everything to Sergeant Priede in detail.

90.     Sergeant Priede promised that he would look into Plaintiff's case after taking down all of Plaintiff's personal information.

91.     Several hours later, Sergeant Priede returned and escorted Plaintiff out from the general population area into the hallway.

92.     Sergeant Priede apologized to Plaintiff and told her that this was all a mistake and that he had spoken with someone at Cumberland County who assured Sergeant Priede that Plaintiff would be picked up the next day at 7:00 a.m.

93.     Plaintiff asked why she could not simply be released after he confirmed that she was the wrong person.

94.     Sergeant Priede replied that since the alleged outstanding warrant originated with Cumberland County, only Cumberland County had the authority to release Plaintiff and that Plaintiff was only being held in Hudson County until they came.

95.     Plaintiff asked Sergeant Priede to please relay the information he uncovered to Cumberland County, so that Plaintiff might be released upon Cumberland County's arrival.

96.     Sergeant Priede disclosed to Plaintiff that Cumberland County had the same information in their system that he did and Cumberland County could see it for themselves.

97.     On Monday, December 23, 2019, Plaintiff made certain she was awake and ready before 7:00 a.m. so that she could leave immediately, but once again, no one came for Plaintiff.

98.     Sergeant Priede came to speak with Plaintiff in the afternoon to tell her that he called Cumberland County and they said they were going to pick her up the next day.

99.     At this point, Plaintiff had been waiting for four (4) days for Cumberland County to arrive and pick her up.

100.    Plaintiff had not slept or eaten well for days and she was frightened, discouraged, scared and exhibited feelings of hopelessness.

101.    The social worker, Ms. Butler, finally responded to Plaintiff's intake form requests and advised Plaintiff that she was a victim of identity theft.

102.    Ms. Butler advised Plaintiff that when released she should "go to the County Clerk in [Plaintiff's] jurisdiction and obtain a notarized letter that states that I'm a victim of identity theft" with her correct information, which Plaintiff would then necessarily have to carry for one (1) year in case Plaintiff was stopped again.

103.    Ms. Butler also advised Plaintiff that "at the end of 2020, ask for your record of this to be removed."

104.    On Tuesday, December 24, 2019, Christmas Eve, two Corrections Officers (C.O. Jackson and another Officer) from Cumberland County finally came to pick Plaintiff up.

105.    Plaintiff was handcuffed around her wrists, ankles and waist and put into the back of a white correction's van.

106.    This made Plaintiff feel like she was a criminal.

107.    From there, the van stopped to pick up another inmate from a different jail and thereafter the arduous and long ride to Cumberland County.

108.    The entire journey took almost four and a half (4.5) hours, and was extremely uncomfortable for Plaintiff while traveling in restraints and otherwise leaving Plaintiff extremely disheartened.

109.    Upon reaching Cumberland County, Plaintiff advised the Corrections Officers that transported her, that she was not the person listed on the alleged outstanding warrant.

110.    C.O. Jackson requested that Plaintiff be fingerprinted or scanned because she may be the wrong person.

111.   After Plaintiff's finger was scanned, a big red "X" popped up on the screen of the scanner.

112.   Everyone in the Cumberland County Jail was completely shocked.

113.   Corrections Officers proceeded to rescan both Plaintiff's index fingerprints and each time, a big red "X" appeared on the screen.

114.   Several Corrections Officers proceeded to seek direction from the supervising Sergeant.

115.   Plaintiff told them that they needed to let her go or she was going to sue them.

116.   This made the Sergeant that was present, an older, African American male with grey/black beard (possibly Sergeant Barry) infuriated with Plaintiff and he replied "Oh, you want to sue us? Lock her up!"

117.   A female correction Officer proceeded to get Plaintiff checked in, scanned, stripped, photographed and questioned, despite every Corrections Officer knowing Plaintiff's fingerprints did not match the fingerprints for the alleged outstanding warrant being relied upon to wrongfully incarcerate the Plaintiff.

118.   When C.O. Jackson learned that Plaintiff was being processed as an inmate, he got upset with Plaintiff and told Plaintiff that "[Plaintiff] pissed off the wrong one."

119.   Plaintiff cried the entire time she was being admitted to the Cumberland County Jail.

120.   C.O. Jackson then finally said he would try to help Plaintiff out but Plaintiff had to stay quiet.

121.   Plaintiff felt extremely vulnerable because she knew she had to speak up for herself, but now Plaintiff was told not to.

122.    Plaintiff continued to feel extremely hurt and confused.

123.    Plaintiff was issued an orange jumpsuit and housed with inmates charged with drug offenses to murderers.

124.    Plaintiff broke down and cried over the telephone to her friend Tiffanie, who was watching over Plaintiff's children, and with the children crying on the telephone with Plaintiff.

125.    Plaintiff was not even in the right state of mind to speak to her children over the telephone because she was overwrought with emotion.

126.    Having to see inmates locked up in a room (called the suicide room) where they could not leave, was a horrible experience for Plaintiff resulting in ongoing and recurring nightmares.

127.    Plaintiff was told by other inmates not to cry because Plaintiff would be locked up in one of the subject suicide rooms.

128.    Accordingly, Plaintiff was unable to sleep that night or throughout the entire duration of this horrible ordeal.

129.    It did not help matters that it was Christmas Eve and Plaintiff was not spending it with her beloved children.

130.    On Wednesday, December 25, 2019, Christmas Day, Plaintiff woke up extremely depressed for not being able to spend Christmas Day with her children.

131.    Plaintiff missed her kids desperately and was suffering from extreme dehydration and lack of nutrients.

132.    Instead, Plaintiff was being illegally detained and wrongfully held in jail for something she did not do.

133.    C.O. Jackson came to where Plaintiff was being housed and told Plaintiff that when she ultimately is released, to "sue the hell out of …… for not scanning your fingerprints in the first place to verify your identity."

134.    On Thursday, December 26, 2019, at approximately 9:00 a.m., Plaintiff was informed that after six (6) days in jail she was being released.

135.    At the intake desk, Plaintiff was provided with bus tickets to somehow return home to New York City.

136.    Plaintiff received no apology, no formal letter stating she was wrongfully detained and imprisoned, and no acknowledgement of the disastrous circumstances to ease her anguish or right their wrong.

137.    It took Plaintiff over six (6) hours to finally return home, without any telephone, no cash, and without the ability to communicate with anyone.

138.    In the course of Plaintiff's difficult and determined effort to return home, she fell and severely sprained her ankle near the Atlantic City bus terminal.

139.    Plaintiff ended up on crutches for two (2) weeks after spraining her ankle, missed several weeks of work and even upon a return to work, Plaintiff was in no state of mind to perform her usual simple tasks, eventually causing her to miss even more days of work.

140.    The ordeal has left Plaintiff emotionally and mentally scarred and traumatized.

141.    Plaintiff is presently unable to walk by a police Officer now without being terrified.

142.    Plaintiff has begun seeing a psychologist to help deal with her anxiety caused by the subject events.

143.    Plaintiff's children were unaware of where their mother was and what had happened and were otherwise worried and concerned about her the entire time.

144.    It was a complete nightmare for the Plaintiff not knowing what would become of her once behind bars, having been separated in a jail from her children for six (6) days, and especially during the Christmas holiday.

145.    Even recounting the underlying facts of this matter results in the Plaintiff reliving the entire experience again and again, which is extremely daunting and anxiety producing.

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against United States of America, *a governmental entity*)**

146.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

147.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under the Federal Tort Claims Act and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

148.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

149.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

150.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

151.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## SECOND CAUSE OF ACTION

## FOURTH AMENDMENT *BIVENS* CLAIM AGAINST FEDERAL BCP OFFICERS
### Fourth Amendment Unlawful Detention
### (Against BCP Officer Fine and Unidentified Male BCP Officer)

152.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

153.    When CBP Officer Fine and Unidentified Male CBP Officer became aware of the discrepancy between the social security number in their records regarding the warrant issued by Cumberland County and plaintiff's social security number, the mistake regarding plaintiff's identity was made known to them and should have prompted immediate verification.

154.    Instead, Officer Fine and Unidentified Male Officer continued to detain Plaintiff without pursuing further inquiries into her identity. Their failure to take any reasonable steps to verify that plaintiff was the person subject to the outstanding warrant, even when a mismatch of social security numbers became known, caused Plaintiff to be unlawfully detained over a six day period and to suffer extensive harm both physically and psychologically.

155.    Furthermore, Defendant Fine and Unidentified Male BCP Officer were in possession of Plaintiff's passport and New York State Driver's License, which clearly conflicted with information in the warrant regarding the subject of the warrant being a New Jersey resident.

156.    Despite obvious points of discrepancy demanding further inquiry, Defendant Fine and Unidentified Male Officer continued to unlawfully detain and search Plaintiff and provided

20

for her wrongful detention to be extended by turning her over to authorities from the Port Authority Police Department.

157.   Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

158.   Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

159.   Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

### THIRD CAUSE OF ACTION

#### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against Port Authority of New York and New Jersey)**

160.   Each and every allegation of the Complaint is incorporated herein as if fully set forth.

161.   Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

162.   By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

21

163.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

164.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

165.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against Unidentified Port Authority of New York and New Jersey Officers)**

166.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

167.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

168.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

169.    Defendants conduct in failing to proceed with a thorough and effective compliance with detention and arrest policies and again in combination with the failure to train, deprived

Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

170.   As a result of the Defendants failure to follow custom and policy, they failed to intervene in each other's obviously illegal actions.

171.   Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against County of Cumberland)**

172.   Each and every allegation of the Complaint is incorporated herein as if fully set forth.

173.   Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

174.   By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

175.   Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

176.   Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

177.   Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

### SIXTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against Cumberland County Sheriff's Department)**

178.   Each and every allegation of the Complaint is incorporated herein as if fully set forth.

179.   Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

180.   By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

181.   Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

182.   Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

183.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983**
**Fourth Amendment Unlawful Detention**
**(Against Warden Richard Smith)**

184.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

185.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

186.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

187.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

188.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

189.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against County of Hudson)**

190.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

191.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

192.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

193.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

194.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

195.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest,

attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## NINTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against Hudson County Sheriff's Department)**

196.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

197.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

198.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

199.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

200.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

201.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against Director Ronald P. Edwards)**

202.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

203.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

204.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

205.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

206.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

207.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## ELEVENTH CAUSE OF ACTION

### VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
**Fourth Amendment Unlawful Detention**
**(Against New Jersey Department of Corrections)**

208.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

209.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

210.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

211.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

212.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

213.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWELFTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against John Does 1-10)**

214.     Each and every allegation of the Complaint is incorporated herein as if fully set forth.

215.     Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

216.     By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

217.     Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

218.     Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

219.     Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983
**Fourth Amendment Unlawful Detention**
**(Against ABC Corps. 1-10)**

220.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

221.    Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

222.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendants engaged in outrageous and conscience-shocking conduct.

223.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

224.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

225.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## FOURTEENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: *BIVENS CLAIM*
**Fourth Amendment Unlawful Detention**
**(Against CBP Officer Fine)**

226.   Each and every allegation of the Complaint is incorporated herein as if fully set forth.

227.   Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

228.   By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

229.   Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

230.   Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

231.   Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## FIFTEENTH CAUSE OF ACTION

### VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### Fourth Amendment Unlawful Detention
### (Against C.O. Houghton)

232.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

233.    Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

234.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

235.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

236.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

237.    Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## SIXTEENTH CAUSE OF ACTION

## VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### Fourth Amendment Unlawful Detention
### (Against Sergeant Priede)

238.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

239.    Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

240.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

241.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

242.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

243.    Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## SEVENTEENTH CAUSE OF ACTION

### VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A.10:6-2
#### Fourth Amendment Unlawful Detention
#### (Against Ms. Butler)

244.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

245.    Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

246.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

247.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

248.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

249.    Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

**EIGHTEENTH CAUSE OF ACTION**

**VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**Fourth Amendment Unlawful Detention**
**(Against C.O. Jackson)**

250.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

251.    Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

252.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

253.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

254.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

255.    Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## NINETEENTH CAUSE OF ACTION

### VIOLATION OF STATE OF NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
**Fourth Amendment Unlawful Detention**
**(Against Sergeant Barry, *in her official and individual capacities*)**

256.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

257.    Defendant has deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff pursuant to State of New Jersey Civil Rights Act N.J.S.A. 10:6-2.

258.    By restraining Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Defendant engaged in outrageous and conscience-shocking conduct.

259.    Defendants conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

260.    Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions.

261.    Plaintiff has been damaged as a result of Defendants wrongful acts.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTIETH CAUSE OF ACTION

## VIOLATIONS OF NEW JERSEY CONSTITUTION, ARTICLE I, PARAGRAPH 1
### (Against Unnamed Individual Officer Defendants)

262.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

263.    Article I, Paragraph 1 of the New Jersey Constitution guarantees to "all persons … certain natural an unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." Under Article I, Paragraph 1, county correctional inmates have a substantive due process right to be free from governmental abuses that shock the conscience or are offensive to human dignity.

264.    By illegally arresting and detaining the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, the Unnamed Individual Officer Defendants engaged in conduct that shocks the conscience and is offensive to human dignity.

265.    As a direct and proximate result of the Unnamed Individual Officer Defendants' misconduct detailed above, Plaintiff sustained the damages alleged herein.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-FIRST CAUSE OF ACTION

### VIOLATIONS OF N.J.S.A. 10:6-2 – NEW JERSEY CONSTITUTION, ARTICLE I, PARAGRAPH 1
**(Against Unnamed Individual Officer Defendants)**

266.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

267.    For the reasons set forth above in the Third Cause of Action, the Unnamed Individual Officer Defendants' conduct also violates the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-SECOND CAUSE OF ACTION

### VIOLATIONS OF NEW JERSEY CONSTITUTION, ARTICLE I, PARAGRAPH 7
**(Against Unnamed Individual Officer Defendants)**

268.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

269.    Article I, Paragraph 7 of the New Jersey Constitution guarantees to "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." Under Article I, Paragraph 7, county correctional inmates have a constitutional right to be free from the use of unreasonable searches and seizures.

270.    By illegally arresting and detaining the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from

Friday, December 20, 2019 until Thursday, December 26, 2019, the Unnamed Individual Officer Defendants engaged in conduct that shocks the conscience and is offensive to human dignity.

271.    As a direct and proximate result of the Unnamed Individual Officer Defendants' misconduct detailed above, Plaintiff sustained the damages alleged herein.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-THIRD CAUSE OF ACTION

### VIOLATIONS OF N.J.S.A. 10:6-2 – NEW JERSEY CONSTITUTION, ARTICLE I, PARAGRAPH 7
**(Against Unnamed Individual Officer Defendants)**

272.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

273.    For the reasons set forth above in the Fourth Cause of Action, the Unnamed Individual Officer Defendants' conduct also violates the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-FOURTH CAUSE OF ACTION

## NEW JERSEY TORT CLAIMS ACT – NEGLIGENCE
### (Against All Defendants Excluding Defendant, United States of America)

274.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

275.    The Plaintiff has complied with the notice requirements of the Tort Claims Act. N.J.S.A. 59:1-1 et seq.

276.    The Defendants owed numerous duties to the Plaintiff. The Defendants had a duty to hire, train, screen, retain, and supervise its agents, servants, employees and/or representatives to ensure that they were competent and properly providing those services as required by the law, and by the Federal Bureau of Prisons' policies and procedures, to ensure that those individuals competently and lawfully performed their duties and functions without infringing upon the Plaintiff's rights.

277.    The Defendants had a general duty not to unnecessarily harm the Plaintiff or deprive the Plaintiff of her rights.

278.    By their acts and omissions, the Defendants violated the duty of care owed to the Plaintiff. The Defendants acted with gross negligence, recklessness and conduction which was deliberately indifferent or otherwise shocks the conscience.

279.    By their acts and omissions, the Defendants proximately caused economic, emotional, and psychological injuries to the Plaintiff. The harm sustained by the Plaintiff was a reasonably foreseeable result of the Defendants' acts and omissions.

280.    By way of the foregoing, the Defendants are liable for the Plaintiff's injuries pursuant to N.J.S.A. 59:1-1 et seq. The Defendants are jointly and severally liable for the injuries sustained by the Plaintiff.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-FIFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against CBP Officer Fine)**

281.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

282.    Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

283.    Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

284.    Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

285.    As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest,

attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against C.O. Houghton, *in his individual and official capacities*)

286.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

287.    Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

288.    Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

289.    Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

290.    As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Sergeant Priede, *in his individual and official capacities*)**

291.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

292.    Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

293.    Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

294.    Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

295.    As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-EIGHTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Ms. Butler, *in her individual and official capacities*)**

296.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

297.    Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

298.    Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

299.    Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

300.    As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## TWENTY-NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against C.O. Jackson, *in his individual and official capacities*)**

301.    Each and every allegation of the Complaint is incorporated herein as if fully set forth.

302.    Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

303.    Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

304.    Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

305.    As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

## THIRTIETH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Sergeant Barry, *in his individual and official capacities*)**

306.   Each and every allegation of the Complaint is incorporated herein as if fully set forth.

307.   Defendant owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

308.   Defendants conscious disregard of individual rights and decision to illegally arrest and detain the Plaintiff in the manner and under the circumstances set forth herein, over the course of her wrongful detention and incarceration from Friday, December 20, 2019 until Thursday, December 26, 2019, resulted in a breach of Defendants duties to act as reasonable, prudent persons.

309.   Emotional distress was a field of danger that Defendants should have anticipated and guarded against.

310.   As a result of Defendants' breach of their duties, Plaintiff suffered legally compensable emotional distress damages.

**WHEREFORE**, Plaintiff, YARELIS RIVERA, demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and such other relief as the Court deems just, reasonable, fair and equitable.

|  |  |
|---|---|
| **THE VESPI LAW FIRM** | **LAW OFFICES OF PETER W. TILL** |
| *Co-Counsel for Plaintiff,* | *Co-Counsel for Plaintiff,* |
| *Yarelis Rivera* | *Yarelis Rivera* |
| By: */s/Jared E. Drill* | By: */s/Peter W. Till* |
| Jared E. Drill | Peter W. Till |
| Dated: February 22, 2021 | Dated: February 22, 2021 |

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues so triable.

## **DEMAND FOR INSURANCE COVERAGE**

Demand is now made upon the Defendants to provide complete copies of their insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any action pending in any Court or of a pending arbitration proceeding. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**THE VESPI LAW FIRM**  
*Co-Counsel for Plaintiff,*  
*Yarelis Rivera*

By: */s/Jared E. Drill*  
    Jared E. Drill

Dated: February 22, 2021

**LAW OFFICES OF PETER W. TILL**  
*Co-Counsel for Plaintiff,*  
*Yarelis Rivera*

By: */s/Peter W. Till*  
    Peter W. Till

Dated: February 22, 2021